UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN JONESTOWN MASSACRE, a doing business as designation for ANTON NEWCOMBE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DAVIES, an individual,<br><br>Defendant. | Case No. 13-cv-04005 NC<br><br>**TENTATIVE RULING AND ORDER FOR FURTHER BRIEFING**<br><br>Re: Dkt. No. 8 |

On October 18, 2013, defendant Jeffrey Davies filed a motion to dismiss or transfer for improper venue, or in the alternative to transfer for convenience. Dkt. No. 8. The Court continued oral argument on the motion until December 18, 2013, and now issues its tentative ruling and orders further briefing. The issue the Court seeks to pinpoint is whether defendant Davies committed an intentional act that caused harm in this forum. The Court's tentative view is that Davies did not commit such an intentional act in the Northern District of California, and therefore that venue is improper and the case must be transferred to the Central District of California.

For venue to be proper in the Northern District of California, the Court must have personal jurisdiction over defendant Davies. The Court's tentative view is that there is no general jurisdiction over defendant, but that specific jurisdiction may be a closer call. Courts apply a purposeful direction analysis in determining whether the court has specific personal jurisdiction over a defendant in the copyright infringement context. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Supreme Court set forth the "effects" test in *Calder v. Jones*, 465 U.S. 783 (1984), to guide courts in applying a purposeful direction analysis. Under the *Calder* effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm which is suffered and which the defendant knows is likely to be suffered in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)). "Each of the three tests must be satisfied to permit a district court to exercise limited personal jurisdiction over a non-resident defendant." *See Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985).

Here, plaintiff argues that defendant subjected himself to specific jurisdiction in this district by allegedly recording music in the district and allegedly entering into an agreement regarding his rights to that music in the district. But the Court questions whether that activity amounts to causing harm to plaintiff, which plaintiff suffered in this district. Davies has asserted an ownership right to the music in controversy, and plaintiff seeks a declaration limiting Davies' rights to that music, as well as an injunction preventing Davies from making future claims of ownership over the music in controversy. It appears to the Court then, that the intentional act allegedly causing plaintiff harm is Davies' assertion of rights to the music in controversy. The Court's tentative view is that Davies' assertion of his alleged ownership rights is insufficient to warrant specific personal jurisdiction. *See PokitDok, Inc. v. Martin*, 12-cv-3947 SI, 2012 WL 5425615 (N.D. Cal. Nov. 6, 2012) (declaratory relief copyright infringement case in which the court found that defendant sending a cease and desist letter to plaintiff did not constitute purposeful direction).

The Court now ORDERS the parties to submit further briefing on this issue, not to exceed 7 pages each. The briefing must address whether defendant's assertion of his alleged music ownership rights, or some other act, qualifies as purposeful direction. The parties must address *PokitDok Inc.* Plaintiff must submit further briefing no later than Wednesday, December 4, 2013. Defendant must submit opposition briefing no later than Wednesday, December 11, 2013. No reply briefing will be permitted. The Court will hold oral argument at 1:00 p.m. on Wednesday, December 18, 2013.

IT IS SO ORDERED.

Date: November 22, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge