UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN JONESTOWN MASSACRE, a doing business as designation for ANTON NEWCOMBE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DAVIES, an individual,<br><br>Defendant. | Case No. 13-cv-04005 NC<br><br>**ORDER TO SHOW CAUSE** |

The Court issues this order sua sponte to address concerns regarding subject matter jurisdiction. The complaint alleges that the Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1338(a) & (b) in that it arises under the applicable Acts of Congress relating to copyright." Dkt. No. 1 at 3. However, in his supplemental briefing regarding venue, plaintiff argues that "this case is an action to resolve the parties' respective authorship and ownership interests in and to the Subject Works; it is *not* a copyright infringement suit." Dkt. No. 20 at 6. The Ninth Circuit has made clear that federal courts are without subject matter jurisdiction "when [copyright] ownership is the sole question for consideration."

Case No. 13-cv-04005 NC
ORDER TO SHOW CAUSE

*Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 988 (9th Cir. 2003). Therefore, the Court orders plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

The Ninth Circuit has held that a district court may exercise jurisdiction over a copyright issue if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc.*, 336 F.3d at 986. Federal courts have found that a claim fails the three part test where the complaint presents only an issue of copyright ownership. *Id.* (finding that the complaint was governed by state contract law and the court therefore lacked subject matter jurisdiction because "the ownership issue is the sole question presented for review"). On the other hand, federal subject matter jurisdiction may exist where a plaintiff "must establish ownership of a valid copyright" as "a threshold question" as part of an infringement claim. *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983).

Here, plaintiff alleges that his claim arises under the Copyright Act. However, plaintiff's complaint seeks only a declaration clarifying the parties' ownership rights, and an injunction restraining defendant from making further ownership claims. Dkt. No. 1 at 4-5. In his briefing regarding venue, plaintiff argues that the parties had an agreement as to

Case No. 13-cv-04005 NC
ORDER TO SHOW CAUSE 2

copyright ownership and vehemently denies that his complaint involves copyright infringement. Dkt No. 13 at 3; Dkt. No. 20 at 6 ("[T]his case is an action to resolve the parties' respective authorship and ownership interests in and to the Subject Works; it is *not* a copyright infringement suit."). Therefore, the Court's tentative view is that subject matter jurisdiction is lacking and that this claim is governed by California state contract law. *See Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1153 (N.D. Cal. 1999) (finding a lack of subject matter jurisdiction where alleged joint authors sought determination of ownership because "[c]o-owners of a copyright, and their licensees, cannot be liable to one another for infringement of that copyright as a matter of law…. An action for an accounting or determination of ownership as between alleged co-owners is founded in state law and does not arise under the copyright laws.").

Plaintiff must submit a reply to this order, setting forth why the Court should not dismiss for lack of subject matter jurisdiction, within 14 days. Defendant must submit an opposition, or statement of non-opposition, within 7 days of plaintiff's brief. Each brief must not exceed 7 pages.

IT IS SO ORDERED.

Date: January 21, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge