1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN JONESTOWN MASSACRE, a doing business as designation for ANTON NEWCOMBE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DAVIES, an individual,<br><br>Defendant. | Case No. 13-cv-04005 NC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO TRANSFER AS MOOT**<br><br>Re: Dkt. Nos. 1, 8, 24 |

The Court previously issued an order raising concerns regarding subject matter jurisdiction in this copyright dispute. Dkt. No. 24. The Court now finds that the complaint does not allege sufficient facts to support subject matter jurisdiction under the Copyright Act. The Court therefore dismisses the complaint but grants Newcombe leave to amend.

## BACKGROUND

Plaintiff Anton Newcombe is a musician who has "produced, recorded and released more than a dozen albums of original music" as Brian Jonestown Massacre. Dkt. No. 1 at ¶ 1. Newcombe alleges that from the inception of the band Brian Jonestown Massacre, he

Case No. 13-cv-04005 NC
ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

alone "has exercised sole and exclusive ownership, administration and/or control of th[e] creative output without interruption or objection of any kind." *Id.* at ¶ 2.

Defendant Jeffrey Davies "performed with Newcombe off-and-on during the years 1992-99." *Id.* at ¶ 10. Newcombe alleges that "15 years after performing with Newcombe, Davies appeared with a Los Angeles-based lawyer by his side, threatening suit and laying claim to a long list of Brian Jonestown Massacre works." *Id.* at ¶ 3. These works, according to Newcombe, were either musical compositions, "almost all of which Newcombe wrote in whole or substantial part" or were musical performances that Newcombe produced, recorded, directed and in which Newcombe was the featured performer. *Id.* at ¶ 3.

Newcombe alleges that while Davies performed with Newcombe, "Newcombe conceded a portion of his songwriting in three musical compositions to Davies and the parties prepared and submitted contemporaneous copyright registrations to the U.S. Copyright Office reflecting that arrangement." *Id.* at ¶ 4. Newcombe now concedes that "Davies has a 50% ownership interest in the copyrights in and to the three songs for which there are contemporaneous copyright registrations," but denies that Davies has any ownership rights as to any other works. *Id.* at ¶ 13. Newcombe seeks a declaratory judgment confirming that Davies has no "interest in any of the Subject Works other than a 50% ownership interest" in the three aforementioned songs. *Id.* at ¶ 1 (Prayer for Relief). Newcombe also seeks an injunction restraining Davies from making future ownership claims contrary to the Court's declaration of rights. *Id.* at ¶ 2 (Prayer for Relief).

The complaint alleges that the Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1338(a) & (b) in that it arises under the applicable Acts of Congress relating to copyright." Dkt. No. 1 at ¶ 6.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter

jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

The Ninth Circuit has held that a district court may exercise jurisdiction over a copyright issue if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). Where the complaint seeks declaratory relief, the Court looks to whether the complaint alleges that "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 19 (1983).

Federal courts have found that a claim fails the three-part test where the complaint presents only an issue of copyright ownership. *Scholastic Entm't*, 336 F.3d at 988 (finding that the complaint was governed by state contract law and the court therefore lacked subject matter jurisdiction because "the ownership issue is the sole question presented for review."). However, although the Ninth Circuit has not directly decided the issue, "[a]ll of the federal circuit courts of appeal that have addressed the issue … agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d 77, 86 (1st Cir. 2007). This is because the Copyright Act defines joint works and sets forth a detailed scheme that provides copyright protection for works of original authorship. 17 U.S.C. §§ 101-102.

## DISCUSSION

Newcombe alleges that his claim arises under the Copyright Act, but his complaint alleges a bare dispute over ownership, which the Ninth Circuit has made clear is an issue governed by state law. *Scholastic Entm't*, 336 F.3d at 988. Newcombe argues that the real dispute is whether the parties are joint authors, and that issue is governed by federal copyright law. Newcombe is correct that a dispute over joint authorship could require the Court to interpret the Copyright Act, thus making subject matter jurisdiction proper. *See Cambridge Literary Props.*, 510 F.3d at 86. But Newcombe has not alleged an authorship dispute in the present complaint.

Nowhere in the complaint does Newcombe allege that Davies took any part in creating any work in controversy, nor that Davies has since made claims that he is a joint author. Instead, Newcombe alleges that the parties had an "arrangement" in which Newcombe "conceded a portion of his songwriting" to Davies. These factual allegations appear to present an ownership dispute governed by state contract law, and are insufficient allegations for the Court to find that Davies could have brought a coercive action that would present a federal question based on joint authorship. *See Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 734 (9th Cir. 2012) (finding copyright declaratory judgment action did not raise a federal question, and noting that "the well-pleaded complaint rule applies to copyright cases brought under 28 U.S.C. § 1338, just as it applies to cases brought under the general federal question statute, 28 U.S.C. § 1331.").

Although in his briefing in response to the Court's order to show cause Newcombe points to outside evidence that a dispute exists as to authorship, it is the complaint itself that must allege sufficient facts to support subject matter jurisdiction. *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 ("district courts have federal-question jurisdiction only if a federal question appears on the face of a plaintiff's complaint."). The case that Newcombe most heavily relies upon, though not providing great detail when describing the allegations in the complaint, indicates that at the very least, the complaint alleged that the defendant worked with plaintiff on the copyrighted work at dispute. *Kings Road Entm't, Inc. v. W.*

*Coast Pictures*, 2012 WL 5937968, at *1, No. 12-cv-07149 CAS (C.D. Cal. Nov. 26, 2012). Newcombe's complaint fails to allege even these minimal facts that could support his contention that Davies may bring an action based on co-authorship over the subject works.

## CONCLUSION

For these reasons, the Court dismisses the complaint for lack of subject matter jurisdiction. But the Court grants leave to amend so that Newcombe might state facts sufficient to allege a dispute over authorship that would give rise to subject matter jurisdiction under the Copyright Act. *See Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1562 (9th Cir. 1987) (finding district court should have granted leave to amend to allow plaintiff to correct subject matter jurisdiction defect). Newcombe must amend his complaint within 21 days of this order.

Because the Court lacks subject matter jurisdiction, it cannot rule on Davies' motion to transfer, and the Court denies the motion as moot.

IT IS SO ORDERED.

Date: February 20, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge