1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA

10     SAN FRANCISCO DIVISION

11

12  BRIAN JONESTOWN MASSACRE, a doing          Case No. 13-cv-04005 NC
    business as designation for ANTON
13  NEWCOMBE, an individual,

14              Plaintiff,                      **ORDER DENYING MOTION TO
                                                DISMISS, STRIKE, OR TRANSFER**
15          v.

16  JEFFREY DAVIES, an individual,             Re: Dkt. Nos. 30, 31

17              Defendant.

18

19          Defendant moves to dismiss, or in the alternative to strike, portions of plaintiff's

20  amended complaint in this copyright authorship dispute.  Dkt. No. 31.  The Court finds that

21  plaintiff has alleged facts sufficient to state a claim, and sufficient to allege standing.  The

22  Court also finds that plaintiff has properly alleged that the Copyright Act's statute of

23  limitations applies to defendant's claims of joint authorship.  The motion to dismiss or

24  strike is therefore denied.

25          Defendant also moves to dismiss for improper venue, or to transfer venue to the

26  Central District of California.  Dkt. No. 30.  The Court finds that venue is proper in the

27  Northern District of California because defendant purposefully availed himself of the

28  benefits and protections of the laws of this forum by creating and performing music in San

1   Francisco that is now the subject of this authorship dispute.  Finally, the Court finds that

2   transfer to the Central District of California would not serve the interest of justice or the

3   convenience of the parties and witnesses.  For these reasons, the Court denies defendant's

4   motions.

## BACKGROUND

### A.    Factual Background

Plaintiff Anton Newcombe is a musician who has "produced, recorded and released more than a dozen albums of original music" as the band Brian Jonestown Massacre.  Dkt. No. 29 at ¶ 1.  Newcombe resided in San Francisco from the inception of Brian Jonestown Massacre through mid-1997, but currently resides in Berlin, Germany.  *Id.* at ¶¶ 3, 13. Newcombe alleges that from the inception of Brian Jonestown Massacre, he alone "has exercised sole and exclusive ownership, administration and/or control of th[e] creative output (including the copyrights in and thereto) without interruption or objection of any kind."  *Id.* at ¶ 2.

Defendant Jeffrey Davies "participated in BJM off-and-on from 1992 to approximately 1999."  *Id.* at ¶ 1.  Newcombe alleges that nearly 16 years after performing with Newcombe, "Davies, via his counsel, threatened suit against Newcombe, claiming to be 'co-author' and thus co-owner of the Subject Works and asserting a claim for a share of the proceeds from the exploitation of those works."  *Id.* at ¶ 6.  The Subject Works, according to Newcombe, were either musical compositions, "almost all of which Newcombe wrote in whole or substantial part" or were musical performances that Newcombe produced, recorded, directed and in which Newcombe was the featured performer.  *Id.* at ¶ 7.

Newcombe alleges that in or about May 1997, Newcombe and Davies met to discuss "the creative contributions and the right in and to the existing subject Works of those involved in BJM."  *Id.* at ¶ 5.  Newcombe alleges that he and Davies agreed that Davies "was entitled to a songwriter credit for [] three songs only: 'Straight Up and Down,' 'Monster,' and 'Straight Up and Down II.'"  *Id.*  Newcombe alleges that his attorney

Case No. 13-cv-04005 NC
ORDER DENYING MOTION TO                                    2
DISMISS, STRIKE, OR TRANSFER

1    registered the works to reflect that agreement.  *Id.*  Newcombe now concedes that "Davies

2    has a 50% ownership interest in the copyrights in and to the three songs for which there are

3    contemporaneous copyright registrations," but denies that Davies co-authored or has any

4    ownership rights as to any other works.  *Id.* at ¶ 17.  Newcombe seeks a declaratory

5    judgment confirming that Davies has no "interest in any of the Subject Works other than a

6    50% interest" in the three aforementioned songs.  *Id.* at ¶ 1 (Prayer for Relief).  Newcombe

7    also seeks an injunction restraining Davies from making future ownership claims contrary

8    to the Court's declaration of rights.  *Id.* at ¶ 2 (Prayer for Relief).

9    **B.    Procedural Background**

10         Plaintiff filed this action seeking declaratory and injunctive relief on August 28, 2013.

11   Dkt. No. 1.  Defendant moved to transfer the case to the Central District of California on

12   October 18, 2013.  Dkt. No. 8.  The Court issued a tentative ruling and ordered further

13   briefing on November 22, 2013.  Dkt. No. 19.  On January 21, 2014, the Court issued an

14   order for plaintiff to show cause why his case should not be dismissed for a lack of subject

15   matter jurisdiction.  Dkt. No. 24.  The Court dismissed the complaint with leave to amend

16   for a lack of subject matter jurisdiction on February 20, 2014.  Dkt. No. 28.  Plaintiff filed

17   his first amended complaint on February 24, 2014.  Dkt. No. 29.  On March 10, 2014,

18   defendant filed a motion to dismiss or strike and a motion to change venue.  Dkt. Nos. 30,

19   31.  The Court found the motions suitable for disposition without oral argument.  Dkt. No.

20   41.

21   **C.    Jurisdiction**

22         The complaint alleges that the Court has subject matter jurisdiction "pursuant to 28

23   U.S.C. § 1338(a) & (b) in that it arises under the applicable Acts of Congress relating to

24   copyright."  Dkt. No. 1 at ¶ 6.  The Court previously dismissed the initial complaint for a

25   lack of subject matter jurisdiction because the complaint alleged a dispute solely over

26   copyright ownership, which the Ninth Circuit has found is a matter governed by state law.

27   *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 988 (9th Cir. 2003).

28         Since then, plaintiff has amended the complaint to allege that the parties dispute

1  whether they are co-authors of joint works under the Copyright Act.  Specifically, plaintiff

2  alleges that defendant "threatened suit against Newcombe, claiming to be 'co-author' and

3  thus co-owner of the Subject Works and asserting a claim for a share of the proceeds from

4  the exploitation of those works."  Dkt. No. 29 at ¶ 6.  Plaintiff seeks a declaration that

5  Davies "neither had nor has any authorship interest under 17 U.S.C. § 201(a) or any other

6  ownership interest in any of the Subject Works" other than to the three songs in which

7  plaintiff concedes defendant has a 50% ownership interest.  *Id*. at 5, ¶ 1.

8      These allegations are sufficient to establish federal subject matter jurisdiction under

9  the Copyright Act.  Although the Ninth Circuit has not directly decided the issue, "[a]ll of

10 the federal circuit courts of appeal that have addressed the issue . . . agree that a

11 determination of copyright ownership based on a disputed allegation of co-authorship

12 presents a federal question that arises under, and must be determined according to, the

13 Copyright Act."  *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d

14 77, 86 (1st Cir. 2007).  This is because the Copyright Act defines joint works and sets forth

15 a detailed scheme that provides copyright protection for works of original authorship.  17

16 U.S.C. §§ 101-102, 201;  *see Kings Rd. Entm't, Inc. v. W. Coast Pictures*, No. 12-cv-07149

17 CAS JCGX, 2012 WL 5937968, at *3 (C.D. Cal. Nov. 26, 2012) (finding dispute over co-

18 authorship arises under the Copyright Act).  Because the amended complaint alleges that

19 the parties dispute their status as co-authors to joint works, plaintiff has sufficiently pleaded

20 facts establishing federal subject matter jurisdiction under the Copyright Act.

21     Both parties have consented to the jurisdiction of a magistrate judge.  Dkt. Nos. 9, 12.

22                              **DISCUSSION**

23 **A.   Motion to Dismiss**

24     Defendant moves to dismiss on three grounds.  The Court denies the motion on all

25 three bases.

26          **i.   Failure to State a Claim**

27     First, defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for

28 a failure to state a claim.  A motion to dismiss for failure to state a claim under Rule

Case No. 13-cv-04005 NC
ORDER DENYING MOTION TO          4
DISMISS, STRIKE, OR TRANSFER

12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although less than clear, defendant appears to argue that the complaint is vague or ambiguous because "it portrays Defendant as coming out of nowhere to assert his rights to royalties paid for the licensing and sales of music that Defendant wrote and performed on the recordings." Dkt. No. 31 at 3. Defendant's argument is without merit.

Plaintiff has alleged particular facts stating that the parties have a live dispute as to which works of the band Brian Jonestown Massacre were jointly authored by Davies and Newcombe. Dkt. No. 29 at ¶¶ 6, 7, 15-18. Plaintiff admits that defendant owns a 50% interest in three songs, but denies that defendant is a joint author or owner of any other copyrights to the band's music or recordings. *Id.* at ¶ 17. Plaintiff alleges that defendant has made claims to works that he did not co-author. *Id.* at ¶¶ 16-19. This is sufficient to state a claim for declaratory or injunctive relief under the Copyright Act.

### ii. Standing

Although defendant frames his motion to dismiss as one seeking dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), he moves to dismiss primarily on the grounds that plaintiff lacks standing to bring this action. Dkt. No. 31 at 5-6. A motion to dismiss based on lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir.

1   2003).

2        In support of his argument that plaintiff lacks standing, defendant points to a portion

3   of the complaint in which plaintiff alleges that he "has exercised sole and exclusive

4   ownership, administration and/or control of [his] creative output (including the copyrights

5   in and thereto) . . . through two associated business entities, a Recordings Ltd., a United

6   Kingdom limited company, and Tepid Peppermint Wonderland Music (ASCAP), a doing

7   business as designation, both of which he controls." Dkt. No. 29 at ¶ 2.  The Court finds

8   that these factual allegations "if proved, would confer standing upon [plaintiff]." *Warren*,

9   328 F.3d at 1140.

10        Plaintiff claims that he himself exercises "sole and exclusive ownership,

11   administration and/or control" of the disputed works.  If proven true, plaintiff has standing

12   to bring this action for a declaration determining the issue of authorship and ownership of

13   the disputed copyrights. *See Gibbs v. Buck*, 307 U.S. 66, 73 (1939) (members of an

14   unincorporated association owned copyrights and therefore had standing to bring action

15   involving right to license copyrights).  The motion to dismiss for lack of standing is

16   therefore denied.

17        **iii.    Failure to Join an Indispensable Party**

18        Defendant next moves, with no explanation, to dismiss the complaint "for failure to

19   join an indispensable party pursuant to FRCP, Rule 19." Dkt. No. 31 at 6.  Such a motion is

20   properly brought under Federal Rule of Civil Procedure 12(b)(7).  Dismissal for failure to

21   join is appropriate only where "a party determined to be necessary is also indispensable and

22   cannot be joined." *NovelPoster v. Javitch Canfield Grp.*, No. 13-cv-05186 WHO, 2014 WL

23   1312111, at *5 (N.D. Cal. Apr. 1, 2014) (citing *Shermoen v. United States*, 982 F.2d 1312,

24   1317 (9th Cir.1992)).  To determine whether a party is necessary, the Court "must consider

25   whether 'complete relief' can be accorded among the existing parties, and whether the

26   absent party has a 'legally protected interest' in the subject of the suit." *Shermoen*, 982

27   F.2d at 1317.  The moving party bears the burden of persuasion in arguing for dismissal.  *Id.*

28        Defendant has provided no evidence or argument regarding whether joinder of other

parties is possible or necessary.  Defendant thus falls far short of meeting his burden of showing that a party is indispensable and cannot be joined.  *Shermoen*, 982 F.2d at 1317. The motion to dismiss for failure to join an indispensable party is therefore denied.

**B.   Motion to Strike**

Next, defendant moves to strike portions of the complaint alleging that defendant's claims of joint authorship are restricted by the Copyright Act's statute of limitations.  A court may, on its own or upon a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The decision to strike all or part of a pleading is within the discretion of the district court.  *Nurse v. United States*, 228 F.3d 996, 1000 (9th Cir. 2000).

Defendant argues that 17 U.S.C. § 507(b) applies only to actions for copyright infringement, and does not apply to disputes over authorship.  Dkt. No. 31 at 7.  But there is nothing redundant, immaterial, or impertinent about this issue, and the statute of limitations is not an insufficient defense for joint authorship claims.  *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230-31 (9th Cir. 2000) ("A claim of authorship of a joint work must be brought within three years of when it accrues.  Because creation rather than infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement, and is barred three years from plain and express repudiation of authorship.").

Whether the statute of limitations has run on the claims in this case is to be seen, but at the pleading stage, plaintiff has properly alleged that the statute of limitations bars defendant's claims of joint authorship.  The motion to strike references to the statute of limitations is therefore denied.

**C.   Motion to Transfer**

Defendant next moves to transfer to the Central District of California for improper venue, or for the convenience of the parties and witnesses.  The Court denies the motion,

1  finding venue is satisfied in this District and this District is more convenient for the case

2  than the Central District.

3         **i.    Transfer for Improper Venue**

4         Defendant moves that the case should be dismissed or transferred to the Central

5  District of California, because venue is improper in this District under the Copyright Act.

6  Dkt. No. 30.  Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss for

7  improper venue.  Fed. R. Civ. P. 12(b)(3).  If the Court finds that venue is improper, the

8  Court must dismiss the case or transfer the case to a district where venue is proper.  28

9  U.S.C. § 1406(a).  It is the plaintiff's burden to establish that venue is proper in the district

10  where plaintiff files the action.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d

11  491, 496 (9th Cir. 1979).

12         The venue of suits arising under the Copyright Act is not determined by the general

13  venue provision governing suits in the federal district courts, but rather by the venue

14  provision of the Copyright Act.  28 U.S.C. § 1400(a); *Leroy-Garcia v. Brave Arts*

15  *Licensing*, No. 13-cv-01181 LB, 2013 WL 4013869, at *5 (N.D. Cal. Aug. 5, 2013) (a

16  "copyright claim is subject to a specific venue statute" rather than general venue provision

17  in 28 U.S.C. § 1391(b)).  Title 28 U.S.C. § 1400(a) provides that "[c]ivil actions, suits, or

18  proceedings arising under any Act of Congress relating to copyrights or exclusive rights in

19  mask works or designs may be instituted in the district in which the defendant or his agent

20  resides or may be found."  28 U.S.C. § 1400(a).  The Ninth Circuit has interpreted the

21  statute to mean that venue "is proper in any judicial district in which the defendant would

22  be amenable to personal jurisdiction if the district were a separate state."  *Columbia*

23  *Pictures Television v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 288 (9th Cir.

24  1997), *overruled on other grounds by Feltner v. Columbia Pictures Television,* 523 U.S.

25  340 (1998); *see also VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583

26  (Fed. Cir. 1990) (venue is proper in any district in which there is personal jurisdiction over

27  the defendant).

28         Thus, in order to determine whether venue is proper in this District, the Court must

Case No. 13-cv-04005 NC
ORDER DENYING MOTION TO                        8
DISMISS, STRIKE, OR TRANSFER

1  determine whether it has personal jurisdiction over defendant.  Where there is no applicable

2  federal statute governing personal jurisdiction, the district court applies the law of the state

3  in which the district court sits.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v.*

4  *Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Because California's long-arm

5  jurisdictional statute is coextensive with federal due process requirements, the jurisdictional

6  analyses under state law and federal due process are the same.  *Panavision*, 141 F.3d at

7  1320; Cal. Code Civ. P. § 410.10 ("A court of this state may exercise jurisdiction on any

8  basis not inconsistent with the Constitution of this state or of the United States").  A court

9  may exercise personal jurisdiction over a defendant consistent with due process only if he

10  or she has "certain minimum contacts" with the relevant forum "such that the maintenance

11  of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*

12  *Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

13          "Unless a defendant's contacts with a forum are so substantial, continuous, and

14  systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a

15  forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the

16  relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc.*

17  *v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

18  Here, plaintiff concedes that the Court does not have general personal jurisdiction over

19  defendant, but instead argues that the Court has specific jurisdiction.

20          The Ninth Circuit analyzes specific jurisdiction according to a three-part test: 1) the

21  nonresident defendant must purposefully direct his activities at the forum state or

22  purposefully avail himself of the benefits and protections of the laws of the forum state; 2)

23  the claim must be one which arises out of or relates to the defendant's forum-related

24  activities; and 3) the exercise of personal jurisdiction must be reasonable. *Yahoo!*, 433 F.3d

25  at 1205-1206 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th

26  Cir. 2004)).  Plaintiff bears the burden of satisfying the first two factors. *Mavrix Photo v.*

27  *Brand Techs.*, 647 F.3d 1218, 1228 (9th Cir. 2011).  If plaintiff succeeds, the burden shifts

28  to defendant to present a "'compelling case' that the exercise of jurisdiction would not be

reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

"The first prong is satisfied by either purposeful availment or purposeful direction." *Brayton Purcell*, 606 F.3d 1124, 1128 (9th Cir. 2010). "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Copyright infringement claims sound in tort, so courts apply the purposeful direction analysis for copyright infringement claims. *See PokitDok, Inc. v. Martin*, No. 12-cv-03947 SI, 2012 WL 5425615, at *3 (N.D. Cal. Nov. 6, 2012). Here, the dispute involves joint authors so there is necessarily not a copyright infringement claim. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) (co-owner of a work cannot bring copyright infringement action against co-owner). Accordingly, the Court must determine whether the purposeful direction test is still appropriate. The Court finds that the purposeful availment test is better suited to a dispute over joint authorship, as that claim is more akin to contract than tort.

Purposeful availment "requires that the defendant have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (internal quotation marks omitted). Here, plaintiff provided a declaration from Barry Simons, an attorney who has worked with plaintiff for the last twenty-five years. Dkt. No. 13-1 at ¶ 3. Simons declares that most, if not all, of the musical compositions in dispute were created, produced, and recorded in San Francisco. *Id.* at ¶¶ 7, 8. Simons further declares that during the period of time when the disputed works were created, the band's manager was based in San Francisco, all members of the band, including defendant, lived and rehearsed in San Francisco, and that the band "played the majority of shows in the San Francisco Bay Area." *Id.* at ¶ 6. Simons also declares that defendant and plaintiff met in San Francisco in May 1997 to discuss "creative contributions" of the band members and to agree upon the songs to which defendant would be entitled to a songwriter's credit. *Id.* at ¶ 10. Simons states that beginning in May 2013, defendant, through counsel, contacted Simons in San Francisco by mail or telephone threatening litigation regarding the disputed works. *Id.* at ¶ 13. These

Case No. 13-cv-04005 NC
ORDER DENYING MOTION TO
DISMISS, STRIKE, OR TRANSFER
10

1  facts are sufficient to show that defendant affirmatively engaged in business activities in the

2  Northern District of California, and therefore personally availed himself "of the privilege of

3  conducting activities within the forum State, thus invoking the benefits and protections of

4  its laws." *Burger King*, 471 U.S. at 475.

5         Defendant's activities within the District—creating and performing musical works

6  with plaintiff—are the very acts that gave rise to this litigation, satisfying the second factor

7  of the specific jurisdiction analysis. Additionally, the Court finds that defendant has not

8  met his burden of showing that exercising jurisdiction over him would be unreasonable, and

9  thus the third specific jurisdiction factor is met. Defendant's only argument that he should

10 not be subjected to the jurisdiction of this Court is that he will be inconvenienced and

11 litigating in this District will be more expensive. This does not rise to the level of

12 inconvenience that would make the exercise of personal jurisdiction unreasonable. *See*

13 *Burger King*, 471 U.S. at 478 (exercising jurisdiction over business that had never

14 physically entered the forum state, but that had conducted significant business in the forum

15 state, was not "so gravely difficult and inconvenient that a party unfairly is at a severe

16 disadvantage in comparison to his opponent.").

17        The Court therefore finds that it may exercise personal jurisdiction over defendant,

18 and venue is therefore proper in the Northern District of California under the Copyright Act.

19 The motion to transfer for improper venue is denied.

20            **ii.    Transfer for Convenience**

21        Lastly, defendant moves to transfer the case to the Central District of California for

22 the convenience of the parties and witnesses. Where venue is proper in a district, the Court

23 in its discretion may nonetheless transfer an action "to any other district or division where it

24 might have been brought" if doing so would be in the interest of justice or would benefit

25 "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). To support a motion to

26 transfer for convenience, the moving party bears the burden of showing "that venue is

27 proper in the transferor district; that the transferee district is one where the action might

28 have been brought; and that the transfer will serve the convenience of the parties and

Case No. 13-cv-04005 NC
ORDER DENYING MOTION TO                    11
DISMISS, STRIKE, OR TRANSFER

witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009). A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Here, the parties do not dispute that the action could have been brought in the Central District of California, but they dispute whether transferring would serve the convenience of the parties and witnesses.

In considering the interest of justice and convenience issue, the Court weighs multiple factors. For example, the court may consider: 1) the plaintiff's choice of forum; 2) the convenience of witnesses and the parties; 3) the familiarity of the forum with the applicable law; 4) the ease of access to evidence; and 5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The plaintiff's choice of forum "is accorded substantial weight in proceedings under § 1404(a)." *Sweet-Reddy v. Vons Companies Inc.*, No. 06-cv-06667 MJJ, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (citing Hon. William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, § 4:760 (2007)). But the Court gives considerably less weight to plaintiff's choice of forum "where the plaintiff has commenced the action in a forum that is not his or her residence." *Id.*

Here, plaintiff elected to file in the Northern District of California. But plaintiff does not reside in this district, Dkt. No. 29 at ¶ 13, and his choice is therefore accorded somewhat less weight. Both forums are familiar with copyright law and the courts are equally burdened by congested dockets. Thus, the most important factors are the convenience of witnesses and parties, and the ease of access to evidence. Defendant resides in the Central District of California, Dkt. No. 29 at ¶ 14, and plaintiff resides in neither district, so the location of the parties weighs in favor of transfer. Defendant names three witnesses that he intends to call at trial, all of whom live in Los Angeles. Dkt. No. 30-1 at ¶¶ 4-6. Similarly, plaintiff identifies three potential witnesses who live in the Northern District of California.

Dkt. No. 13-1 at ¶¶ 3, 9-11, 14, 15. The convenience of the witnesses is therefore neutral to transfer. Finally, plaintiff argues that "the entirety of the files and documents relating to Newcombe/BJM are located in this District." Dkt. No. 13 at 11 (citing Dkt. No. 13-1 at ¶ 4). By contrast, defendant has identified no documents or other evidence located in the Central District. Therefore the access to evidence factor weighs against transfer.

Considering all these factors, the Court finds that it would not be in the interest of justice to transfer the case to the Central District of California. The Court notes that to the extent that defendant wishes to minimize litigation costs, his counsel may seek to make telephone appearances in this District when appropriate.

## CONCLUSION

For the reasons explained, the motion to dismiss, the motion to strike, and the motion to transfer are denied. Defendant must serve his answer within fourteen days of this order. Fed. R. Civ. P. 12(a)(4)(A). A case management conference is set for June 18, 2014 at 10:00 a.m. in Courtroom A. A joint case management statement must be filed seven days before the conference.

IT IS SO ORDERED.

Date: May 12, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge