1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **NORTHERN DISTRICT OF CALIFORNIA**
10         **SAN FRANCISCO DIVISION**
11
12  BRIAN JONESTOWN MASSACRE, a doing          Case No. 13-cv-04005 NC
    business as designation for ANTON
13  NEWCOMBE, an individual,
                                               **ORDER GRANTING MOTION TO**
14          Plaintiff and Counterdefendant,    **DISMISS OR STRIKE ANSWER**
                                               **AND COUNTERCLAIMS**
15          v.
                                               Re: Dkt. No. 49
16  JEFFREY DAVIES, an individual,
17          Defendant and Counterclaimant.
18

19          Plaintiff Newcombe moves to dismiss or strike portions of defendant Davies' answer

20  to the first amended complaint and counterclaims.  The Court finds that Davies' state law

21  claims for misappropriation, conversion, and an accounting are preempted and thus

22  dismisses those claims with leave to amend to seek relief under the Copyright Act.  The

23  Court finds that the state law claims for fraud, breach of fiduciary duty, and conspiracy all

24  suffer from pleading defects and therefore dismisses those claims with leave to amend.  The

25  Court finds that the statutory damages, punitive damages, and attorneys' fees that Davies

26  seeks as part of his copyright infringement claim are barred as a matter of law and therefore

27  dismisses those prayers for relief with prejudice.  Finally, the Court grants the motion to

28  strike the blanket denials and references to multiple counterdefendants in Davies' answer.

**BACKGROUND**

**A. Factual History**

Plaintiff and counterdefendant Anton Newcombe alleges that he began the band Brian Jonestown Massacre over twenty-five years ago, and that the band has had "a revolving cast of musicians over the years, numbering 40 or more." Dkt. No. 29 at ¶ 1. Defendant and counterclaimant Jeffrey Davies alleges that he participated in the band as a songwriter, guitar player, and recording artist from the early 1990s until around 2002, when "he had a falling out with the lead singer of the band," Newcombe. Dkt. No. 45 at ¶ 8.

Newcombe's amended complaint alleges that Davies is a co-author with a 50% ownership interest in the Brian Jonestown Massacre musical works "Straight Up and Down," "Monster," and "Straight Up and Down II." Dkt. No. 29 at ¶¶ 5, 17. But Newcombe denies that Davies is a co-author or has any ownership interest in any other Brian Jonestown Massacre works. *Id.* at ¶ 17.

Davies' counterclaims, on the other hand, allege that Davies co-authored three other Brian Jonestown Massacre musical compositions, in addition to the three compositions that Newcombe concedes were co-authored by Davies. Dkt. No. 45 at ¶¶ 9, 24. Davies also alleges that he has an "ownership interest in the copyrights and royalties to [several] sounds recordings" on which he performed, but that Newcombe "expressly repudiated" Davies' rights to those copyrights in July or August of 2013. *Id.* at ¶¶ 16, 19. Davies also alleges that he was the sole author or solely owns two other Brian Jonestown Massacre compositions. *Id.* at ¶¶ 10, 23.

**B. Procedural History**

Newcombe filed this action seeking declaratory and injunctive relief on August 28, 2013. Dkt. No. 1. The Court dismissed the complaint with leave to amend for a lack of subject matter jurisdiction on February 20, 2014. Dkt. No. 28. Newcombe filed his first amended complaint on February 24, 2014. Dkt. No. 29. On March 10, 2014 Davies filed a motion to dismiss or strike and a motion to change venue. Dkt. Nos. 30, 31. The Court denied both motions. Dkt. No. 42.

Case No. 13-cv-04005 NC
ORDER GRANTING MOTION TO
DISMISS OR STRIKE

2

Davies filed his answer to the first amended complaint and counterclaims on May 27, 2014. Dkt. No. 45. Davies brings counterclaims for conversion and misappropriation, accounting, copyright infringement, fraud and deceit, breach of fiduciary duty, and civil conspiracy. *Id.*

The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) & (b). *See* Dkt. No. 42. Both parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 9, 12.

## DISCUSSION

### A.    Motion to Strike

A court may, on its own or upon a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to strike all or part of a pleading is within the discretion of the district court. *Nurse v. United States*, 228 F.3d 996, 1000 (9th Cir. 2000). Here, Newcombe moves to strike Davies' denial of certain allegations in the complaint, as well as references to multiple counterdefendants.

#### i. Blanket Denials

First, Newcombe moves to strike Davies' blanket denials of allegations in the complaint. The Court grants this request.

Federal Rule of Civil Procedure 8(b)(1)(B) states that in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." Additionally the rules specify that "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). A party that does not wish to deny every allegation in the complaint must "either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Where a defendant cannot in good faith deny an entire allegation, he "must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4).

Here, Davies' answer includes sweeping denials that do not line up with the facts Davies has himself pled in his counterclaims. For example, Davies denies that he resides in Los Angeles, that he claimed to be a co-author of the works at issue, that he claimed a share of the proceeds from the exploitation of those works, and that the works at issue are copyrighted or copyrightable. Dkt. No. 45 at ¶¶ 6, 7, 14. These denials do not conform to the requirement of the Federal Rules of Civil Procedure that a party admit parts of allegations that are true and deny the parts that are not. At the hearing, counsel for Davies conceded that some of the denials were overbroad. The Court thus strikes Davies' answer but grants leave to file an amended answer that complies with the specificity required by the rules.

### ii. References to Multiple Counterdefendants

Davies concedes that any reference to multiple counterdefendants was an inadvertent error. In amending the answer and counterclaims, Davies must not reference multiple counterdefendants if only one exists.

**B.    Motion to Dismiss**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Newcombe moves to dismiss all of Davies' causes of action except for his claim for copyright infringement.

### i. Conversion, Misappropriation, and Accounting

Newcombe moves to dismiss Davies' state law conversion, misappropriation and

1 accounting claims with respect to the works with disputed authorship, because they are

2 preempted by the Copyright Act.  The Court agrees and dismisses these claims with leave to

3 amend to seek relief under the Copyright Act.

4      The Copyright Act expressly preempts "all legal and equitable rights that are

5 equivalent to any of the exclusive rights within the general scope of copyright. . . ."  17

6 U.S.C. § 301.  In the Ninth Circuit, "a state law cause of action is preempted by the

7 Copyright Act if two elements are present.  First, the rights that a plaintiff asserts under

8 state law must be 'rights that are equivalent' to those protected by the Copyright

9 Act.  Second, the work involved must fall within the 'subject matter' of the Copyright Act

10 as set forth in 17 U.S.C. §§ 102 and 103."  *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209,

11 1212 (9th Cir. 1998) (internal citations omitted).

12      Under the first part of the preemption test, the court must determine whether a claim

13 for misappropriation, conversion, or for an accounting with respect to the disputed works

14 protects rights equivalent to those protected by the Copyright Act.  "In order not to be

15 equivalent, the right under state law must have an 'extra element' that 'changes the nature

16 of the action. . . .'"  *Xerox Corp. v. Apple Computer, Inc.,* 734 F. Supp. 1542, 1550 (N.D.

17 Cal. 1990) (quoting *Mayer v. Josiah Wedgwood and Sons, Ltd.*, 601 F. Supp. 1523, 1535

18 (S.D.N.Y. 1985)).  Here, Davies' misappropriation and accounting claims require a

19 determination under the Copyright Act as to whether Davies and Newcombe co-authored

20 joint works.  *See Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th

21 Cir. 2008).  Davies has failed to identify an extra element present in a misappropriation or

22 accounting claim that would change the nature of the claim, and indeed, courts have

23 consistently found that a claim for misappropriation or conversion of copyrighted works

24 does not include an extra element and is thus preempted by the Copyright Act.  *See*

25 *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001) (a claim "for

26 conversion of intangible property arising from the reproduction of the property is clearly

27 equivalent to a copyright claim"); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1151 (N.D.

28 Cal. 2007) (finding claim for misappropriation of musical work was preempted); *Weber v.*

*Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999) (finding claim for accounting between disputed coauthors was preempted). The first part of the preemption test is thus met.

Under the second part of the analysis, the Court must determine whether the disputed works fall within the subject matter of copyright. Because the parties both allege that the disputed works are copyrighted, this part of the test is met. As both preemption requirements are met with respect to both claims, the court finds that Davies' claims for conversion or misappropriation and for an accounting are preempted by the Copyright Act.

Davies' concern that this finding will force him to pursue a federal claim to determine authorship for the disputed works, only to then pursue a state law claim for an accounting is misplaced. Davies may seek an accounting of profits as an equitable remedy to his claim for a declaratory judgment establishing him as a co-author of the disputed works. *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996) (noting accounting is a remedy for a party that wins a declaration of co-ownership under the Copyright Act); *Kings Rd. Entm't, Inc. v. W. Coast Pictures*, No. 12-cv-07149 CAS JCGX, 2012 WL 5937968, at *3 n.2 (C.D. Cal. Nov. 26, 2012) (noting "payment of royalties or an accounting" are remedies following a determination of joint authorship).

Although Davies' opposition to the motion to dismiss states that Davies intends to also bring a claim for "conversion of certain documents, royalty statements, master recordings and related elements belonging to [Davies]," Dkt. No. 52 at 8, there are no allegations in the counterclaim regarding conversion of physical property. Davies may bring such a state law claim in his amended counterclaim if he chooses, as conversion of physical property, even when related to copyrighted works, is not preempted by the Copyright Act. *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984) ("Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted.").

The Court thus grants the motion to dismiss the state law claims for conversion or misappropriation and for an accounting, but grants leave to amend in order to seek relief

1  under the Copyright Act, and to bring a state law claim for conversion of physical property.

2  **ii. Fraud and Deceit**

3  Newcombe next moves to dismiss Davies' fraud claim for a failure to plead

4  sufficiently detailed factual allegations. The Court agrees and dismisses the fraud claim

5  with leave to amend.

6  Under Rule 9(b), in order to plead fraud "a party must state with particularity the

7  circumstances constituting fraud or mistake. Malice, intent, knowledge, and other

8  conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The

9  plaintiff must set forth what is false or misleading about a statement, and why it is false."

10  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed,*

11  *Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package*

12  *Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory

13  allegations of fraud are insufficient."). "Rule 9(b) ensures that allegations of fraud are

14  specific enough to give defendants notice of the particular misconduct which is alleged to

15  constitute the fraud charged so that they can defend against the charge and not just deny that

16  they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

17  Accordingly, "[t]he complaint must specify such facts as the times, dates, places, benefits

18  received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d

19  666, 672 (9th Cir. 1993).

20  Under California law, "[t]he elements of fraud, which gives rise to the tort action for

21  deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b)

22  knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

23  justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th

24  167, 173 (2003). Davies fails to allege facts stating a claim for fraud with sufficient

25  specificity.

26  First, the counterclaim nowhere identifies a false statement made by Newcombe.

27  Davies does allege that Newcombe's attorney, Barry Simons, "on behalf of and pursuant to

28  an agreement with [] Newcombe, assured Davies that all the appropriate paperwork would

1  be filed to secure [] Davies writes [sic] in the subject works including copyrights for the

2  [disputed] musical works." Dkt. No. 45 at ¶ 44.  As a result of Simons' alleged lie, Davies

3  "was induced to and did write and record the compositions set forth herein." *Id.* at ¶ 46.

4  These facts allege that Simons, who is not a party to this action, made false representations

5  to Davies, which he relied upon.  But nowhere does the counterclaim allege a

6  misrepresentation made by Newcombe.  Although the counterclaim alleges that Simon

7  made these misrepresentations "on behalf of" Newcombe, there are no facts set forth in the

8  counterclaim to support that conclusory allegation.  Even if there were, the Court finds no

9  legal support for the suggestion that a client could be liable for the fraudulent

10  misrepresentations of his attorney, and Davies has offered no such support. *See Shafer v.*

11  *Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54, 69 (2003)

12  (finding a lawyer can himself be liable for "communicating on behalf of a client with a

13  nonclient [and] knowingly mak[ing] a false statement of material fact . . . to the

14  nonclient.").

15       Second, to the extent Davies alleges that Newcombe fraudulently concealed material

16  information from Davies, those allegations are not pled with sufficient particularity.  In

17  California, the elements of fraudulent concealment are: "(1) the defendant must have

18  concealed or suppressed a material fact, (2) the defendant must have been under a duty to

19  disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or

20  suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been

21  unaware of the fact and would not have acted as he did if he had known of the concealed or

22  suppressed fact, and (5) as a result of the concealment or suppression of the fact, the

23  plaintiff must have sustained damage." *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th

24  1117, 1126-27 (2010).  Here, Davies alleges only that "Newcombe conspired with Mr.

25  Simons to conceal the fact that [] Davies had earned royalties in the works set forth in this

26  counter-claim." Dkt. No. 45 at ¶ 16.  These allegations lack the specificity required by Rule

27  9(b).  Davies must provide more detailed facts in order to allege that Newcombe knew of

28  Davies' right to royalties and intentionally concealed that fact with the intent to defraud

Case No. 13-cv-04005 NC
ORDER GRANTING MOTION TO                    8
DISMISS OR STRIKE

Davies, and that Davies suffered damages as a result of his reliance on the concealed facts.

The Court thus grants the motion to dismiss the fraud claim but grants leave to amend so that Davies might provide more detailed factual allegations to support a fraud claim.

### iii. Breach of Fiduciary Duty

Next, Newcombe moves to dismiss Davies' claim for breach of fiduciary duty, because co-authors do not owe each other a fiduciary duty.  In California, "[t]he elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and (3) resulting damage." *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 524 (2008).  Davies alleges that Newcombe breached his "fiduciary duty to account to and pay royalties to" Davies.  Dkt. No. 45 at ¶ 17.  Davies is correct that co-owners of a copyright do owe "a duty to account for any profits he earns from the licensing or use of the copyright." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 522 (9th Cir. 1990).  But having a duty is not equivalent to having a fiduciary duty.  In California, "the duty to account for profits does not give rise to a fiduciary relationship." *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 854 (C.D. Cal. 2004) (citing *Wolf v. Sup. Ct.*, 106 Cal. App. 4th 625 (2003).  Similarly, "a joint interest in profits, or the accrual of profits for mutual benefit, does not create a fiduciary relationship." *Id.*  Thus, Davies has not alleged that he and Newcombe had a fiduciary relationship and his claim for breach of fiduciary duty is therefore dismissed.  The Court grants leaves to amend, to the extent that Davies can allege facts to support a fiduciary relationship recognized by California law.

### iv. Civil Conspiracy

Newcombe next moves to dismiss Davies' civil conspiracy claim for failure to plead an underlying tort.  To state a cause of action for civil conspiracy under California law, the complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts. *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 511 n.9 (1980).  Thus, a claim for civil conspiracy is "sustainable only after an underlying tort claim has been established." *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1474 (2014).

1    Here, Davies alleges that Newcombe and Simons "knowingly and willfully

2    conspired and agreed among themselves to convert the intellectual property of [Davies]

3    including royalties owed as a co-author." Dkt. No. 45 at ¶ 56. But because the Court finds

4    that Davies' underlying claim for conversion is preempted, the Court also finds that

5    conspiracy based on conversion of copyrighted material is preempted. *See Millennium*

6    *TGA, Inc. v. Doe*, No. 11-cv-02258 SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011)

7    (noting district courts in the Ninth Circuit have found "that state law civil conspiracy claims

8    based on copyright infringement are preempted."). The Court therefore dismisses the

9    conspiracy claim, but grants leave to amend to the extent that Davies is able to allege an

10   underlying actionable tort claim in his amended counterclaim.

11   **v. Copyright Infringement**

12   Newcombe does not move to dismiss Davies' claim for copyright infringement of the

13   works that Davies' claims to have solely authored. But Newcombe does move to dismiss

14   Davies' prayer for statutory damages, attorneys' fees, and punitive damages based on his

15   statutory copyright infringement claim. The Court grants the motion.

16   **1. Statutory Damages and Attorneys' Fees**

17   A plaintiff cannot recover attorneys' fees or statutory damages for copyright

18   infringement when the plaintiff fails to register the work prior to the initiation of the alleged

19   copyright infringement or within three months of the work's first publication. 17 U.S.C. §

20   412(b); *Oddo v. Ries*, 743 F.2d 630, 634 (9th Cir. 1984). Davies' counterclaim admits that

21   he has not registered "(I Love You) Always" and "Jeremy Davies' Tall Tale," the two

22   compositions that he claims to have solely authored and claims Newcombe infringed. Dkt.

23   No. 45 at ¶ 10. Thus, Davies is barred as a matter of law from recovering attorneys' fees or

24   statutory damages as a remedy for his copyright infringement claim. The Court therefore

25   grants the motion to dismiss that request for relief with prejudice.

26   **2. Punitive Damages**

27   Punitive damages are not specifically authorized under the Copyright Act. 17 U.S.C.

28   § 504 (authorizing actual or statutory damages for copyright infringement). Several district

courts in the Ninth Circuit have found that punitive damages are not available in statutory copyright infringement cases. *Reinicke v. Creative Empire, LLC*, No. 12-cv-01405 GPC KSC, 2013 WL 275900, at *5 (S.D. Cal. Jan. 24, 2013); *Krisel v. Contempo Homes, Inc.*, No. 06-cv-00507 SGL (SSx), 2006 WL 5668181, *3 (C.D. Cal. Sep. 26, 2006); *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. 04-cv-01664 SBA, 2004 WL 2496163, *10 (N.D. Cal. Nov. 5, 2004); *Saregama India Ltd. v. Young*, No. 02-cv-19856 RJK, 2003 WL 25769784, *1 (C.D. Cal. Mar. 11, 2003). *But see TVT Records v. Island Def Jam Music Grp.*, 262 F. Supp. 2d 185, 187 (S.D.N.Y. 2003) (finding punitive damages are available where plaintiff shows infringer acted with malice and statutory damages are not available). The Court follows the weight of authority and finds that punitive damages are not available to Davies for his copyright infringement claim.  The Court therefore dismisses that prayer for relief with prejudice.

### vi. Declaratory and Injunctive Relief

Finally, Newcombe moves to dismiss Davies' prayer for declaratory or injunctive relief because Davies has not pled a cause of action that could entitle him to that relief.  The Court agrees.  As discussed, Davies may amend to seek declaratory relief under the Copyright Act declaring him a co-author of the disputed works.  The Court thus grants the motion to dismiss the prayer for declaratory or injunctive relief with leave to amend.

### CONCLUSION

The Court grants Newcombe's motion to dismiss and motion to strike.  Davies must file an amended answer and may file amended counterclaims within 14 days of this order.

IT IS SO ORDERED.

Date:  August 18, 2014

_____

Nathanael M. Cousins
United States Magistrate Judge